1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS EUGENE MOORE,

11          Petitioner,              No. CIV S-02-0007 WBS DAD P

12      vs.

13   A.A. LAMARQUE, et al.,

14          Respondents.             <u>ORDER</u>

15   _____/

16          Petitioner is a state prisoner proceeding pro se with a fourth amended petition for

17   a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On March 30, 2004, petitioner's fourth

18   amended petition[1] was held in abeyance and this action was stayed to allow petitioner to return to

19   state court to exhaust state remedies with respect to nine additional claims.  Petitioner was

20   ordered to file status reports every two months.  Petitioner's thirteenth status report was filed on

21   May 3, 2006, in which he provides the following allegations.  On October 21, 2005, petitioner

22   filed a habeas petition with the Sacramento County Superior Court.  The petition was denied

23   because petitioner had failed to provide the court with transcripts and other supporting

24   _____

25          [1] In the court's order and findings and recommendations, filed on February 12, 2004, the
     court noted that petitioner alleged that all of the claims set out in his fourth amended petition had
26   been exhausted.

1

documents.  Petitioner's exhibits were confiscated by correctional officers at Salinas Valley State Prison, and although petitioner has filed grievances, a motion for injunctive relief and sent a letter to the California Office of the Inspector General, he still has not obtained the return of his legal property.  Petitioner also filed a motion in the Superior Court seeking the appointment of counsel and another motion requesting that the exhibits from his trial be preserved.  Both motions were denied by the state trial court.  Petitioner attempted to appeal these denials by filing a notice of appeal with the Sacramento County Superior Court, but the court informed petitioner that the appeal was untimely.  Next, petitioner filed a motion seeking injunctive relief with the U.S. District Court for the Northern District of California in order to obtain his legal property. The motion was denied.  Thereafter petitioner filed an appeal with the U.S. Court of Appeals for the Ninth Circuit.  Petitioner indicates that he intends to file an amended habeas petition with the Sacramento Superior Court on or about June 1, 2006 and will renew his request for the appointment of counsel to assist him in obtaining his missing transcripts and documents.

In short, this case has been stayed over two years ago and petitioner has not progressed beyond filing a defective habeas petition with the Sacramento County Superior Court. After the court granted petitioner a stay and held this case in abeyance, the United States Supreme Court issued its decision in Rhines v. Weber, 544 U.S. 269 (2005).  In that case the Supreme Court held that "stay and abeyance should be available only in limited circumstances" and that a case "should not be stayed indefinitely."   Id. at 277.  The Supreme Court instructed that in determining whether a stay and abeyance should be granted, the district court should consider three factors:  (1) whether petitioner has good cause for failing to exhaust state court remedies prior to filing his federal habeas petition, (2) whether the unexhausted claims are "potentially meritorious," and (3) whether there is any indication that petitioner "engaged in intentionally dilatory litigation tactics."  Id. at 278.

In light of the time that has elapsed since this action was stayed initially and the relevant factors with respect to stay and abeyance articulated by the Supreme Court in Rhines,

1  this court will now order petitioner to file a statement demonstrating that this action should

2  continue to be stayed.  In the alternative, petitioner may request that this action proceed with the

3  exhausted claims in his fourth amended petition.

4  Accordingly, IT IS HEREBY ORDERED that:

5  1.  Petitioner need not file any further status reports unless ordered to do so by the

6  court; and

7  2.  Within thirty days from the service of this order, petitioner shall file a

8  statement: (1) demonstrating good cause for his failure to exhaust all claims prior to filing this

9  action, (2) identify his unexhausted claims and demonstrating that each is potentially meritorious,

10  (3) describing the status of state court proceedings on each of his unexhausted claims, and (4)

11  demonstrating that he has acted with diligence in pursuing the unexhausted claims.  In the

12  alternative, petitioner shall request that the stay be lifted and that this action proceed forward

13  solely on the claims set out in his fourth amended petition.

14  DATED: June 1, 2006.

15

16

17  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

18  DAD:4
   moore0007.sty

19

20

21

22

23

24

25

26

3