IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS EUGENE MOORE,

    Petitioner,                   No. CIV S-02-0007 DFL DAD P

    vs.

A.A. LAMARQUE, et al.,           <u>ORDER AND</u>

    Respondents.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

         Petitioner is a state prisoner proceeding pro se with a fourth amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2001 Sacramento County Superior Court judgement of conviction for robbery and sentence imposed under the Three Strikes law.[1]

         On March 30, 2004, petitioner's fourth amended petition was held in abeyance and this action was stayed to allow petitioner to return to state court to exhaust state remedies with respect to nine additional claims he wished to present in this action. Petitioner was ordered

---

[1] Petitioner was previously advised that this action may not be used to challenge his 1987 and 1994 prior convictions. In case number CIV S-96-0766 GEB GGH P, petitioner claimed that his 1987 sentence was miscalculated and that the sentence imposed for his 1994 conviction should be reduced. That petition was denied on October 31, 1997, and on September 15, 2000, the United States Court of Appeals for the Ninth Circuit affirmed the judgment.

1

to file status reports with this court every two months regarding the status of his exhaustion petition.  On June 1, 2006, following the filing of petitioner's thirteenth status report, the court ordered petitioner to file a statement demonstrating that this action should continue to be stayed in light of the Supreme Court's decision in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).[2]  The court noted that this action had been stayed for over two years and that petitioner had not progressed with respect to exhaustion beyond the filing of a defective state habeas petition with the Sacramento County Superior Court.  In that state petition, petitioner raised forty-seven claims.  (Pet'r Statement, Ex. F.)  On July 13, 2006, this court granted petitioner an extension of time to file his statement.  On August 1, 2006, the court granted petitioner a second extension of time.  Petitioner filed his statement in response to the court's June 1, 2006 order on August 23, 2006.

       Petitioner now contends that he was not able to file his exhaustion petition with the Sacramento County Superior Court until October 21, 2005, because his appellate counsel did not provide him with copies of the reporter's and clerk's transcripts on appeal until April of 2003 and because it took time for petitioner and his "inmate legal helpers" to conduct research and develop the claims.  (<u>Id.</u> at 3.)  Petitioner was denied relief with respect to his Superior Court petition on November 29, 2005.  (<u>Id.</u>, Ex. F.)   Relief was denied on the basis that the petition was untimely and presented claims that were previously rejected, should have been raised on appeal and lacked merit.  (<u>Id.</u>, Ex. F.)  Currently, petitioner has two state habeas petitions that are pending.  In this regard, petitioner filed a habeas petition with the Sacramento County Superior Court on June 22, 2006, and another habeas petition with the California Supreme Court on July 31, 2006.  (<u>Id.</u>, Ex.s G and H.)  In his petition before the California Supreme Court, petitioner raises at least fifty-nine claims.  (<u>Id.</u>, Ex. H.)  On August 13, 2005, petitioner filed a document styled, "First Supplemental Continuance To The Petition For Writ Of Habeas Corpus," requesting that the California Supreme Court grant him leave to add seven more claims and ten

---

[2] Petitioner was also instructed that no further status reports need be filed with the court.

more sub-claims to the petition pending before that court. (Id. at 7.) With respect to the merits of his still unexhausted claims, petitioner makes the following conclusory representations: "These unexhausted claims are also meritorious and are also highly constitutional errors that had they not occurred, the outcome of the petitioner's trial and the sentencing would have been different. [sic] Thus, these claims are meritorious." (Id. at 5.) Petitioner requests that this action remain stayed because he anticipates a decision from the California Supreme Court before January 1, 2007.[3] (Id. at 6.) Lastly, petitioner argues that prison officials "committed outrageous governmental misconduct by maliciously confiscating all of the petitioner's evidentiary habeas corpus exhibits, reporter's and clerk's transcripts . . . ." (Id. at 8.) Apparently, the documents referred to by petitioner were confiscated when he was placed in administrative segregation on October 22, 2005, and petitioner now contends that several documents are missing and that those documents would prove his factual innocence. (Id. at 8-10.) Petitioner, however, does not describe the missing documents nor does he explain how those documents, in fact, would prove his innocence.[4]

The court has considered petitioner's response to the June 1, 2006 order and is not persuaded that this action should remain stayed any longer. The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. Rhines v. Weber, 544 U.S. 269, 277 (2005)[5]; see also Anthony v. Cambra, 236 F.3d 568, 575

---

[3] This court has not been apprised by petitioner of such action as of the date of this order.

[4] The court also notes that petitioner has filed several motions in both the state and federal courts seeking to obtain transcripts and documents that he alleges are missing. See Order, filed 6/1/06, at 1-2. All such motions have been rejected by the courts.

[5] At petitioner's request, this action was originally stayed and held in abeyance pending exhaustion prior to the decision in Rhines v. Weber, 544 U.S. 269, 277 (2005). Accordingly, this is the first opportunity this court has had to examine the limitations on the stay and abeyance procedure announced in Rhines in the context of petitioner's case.

1  (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending
2  exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-
3  88 (9th Cir. 1998). This discretion to issue a stay extends to mixed petitions. Jackson v. Roe,
4  425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a
5  mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").
6  The Supreme Court cautioned, however, that "stay and abeyance should be available only in
7  limited circumstances" and that a stay "is only appropriate when the district court determines
8  there is good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S.
9  at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the
10 unexhausted claims are plainly meritless. Id. Finally, federal proceedings may not be stayed
11 indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to
12 exhaust additional claims. Id. at 277-78.

13      Here, petitioner has still failed to exhaust his claims even though this action was
14 stayed almost three years ago. This period of time exceeds reasonable time limits for the stay of
15 this action and reflects that petitioner has failed to be diligent in exhausting state court remedies.
16 Although petitioner filed a habeas petition with the California Supreme Court in July of 2006, he
17 has since requested leave from that court to add even additional claims which will further delay
18 the disposition of his petition. This court also finds that petitioner has failed to demonstrate that
19 his unexhausted claims are potentially meritorious. Petitioner merely asserts that his claims have
20 merit and attaches a copy of his state habeas petitions. Such a showing is inadequate. In light of
21 the Supreme Court's admonition in Rhines v. Weber, the court cannot continue to stay this action
22 indefinitely. Therefore, the stay should be lifted.[6]

---

[6] Should petitioner exhaust state court remedies with respect to additional claims, he may file and serve a motion requesting leave to amend along with his proposed fifth amended petition. Petitioner is cautioned, however, that leave to amend is not granted automatically and, if challenged, petitioner may be required to establish that the new claims relate back to and share a common core of operative facts with the claims in his fourth amended petition. See Mayle v. Felix, 545 U.S. 644 (2005).

4

1  On July 31, 2006, petitioner filed a motion for the appointment of counsel. For
2  the reasons set forth in the court's previous orders denying petitioner's requests for counsel, the
3  motion will be denied. See Orders, filed 6/6/02 and 9/22/03.

4  Accordingly, IT IS HEREBY ORDERED that petitioner's July 31, 2006 motion
5  for the appointment of counsel is denied.

6  Also, IT IS HEREBY RECOMMENDED that the stay of this action be lifted and
7  that this case be administratively opened.

8  These findings and recommendations are submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
10 days after being served with these findings and recommendations, petitioner may file written
11 objections with the court. The document should be captioned "Objections to Magistrate Judge's
12 Findings and Recommendations." Petitioner is advised that failure to file objections within the
13 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
14 F.2d 1153 (9th Cir. 1991).

15 DATED: March 12, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
moor0007.liftsty

5