IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS EUGENE MOORE,

    Petitioner,               No. CIV S-02-0007 JAM DAD P

    vs.

A.A. LAMARQUE, et al.,

    Respondents.        ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a sixth amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 21, 2008, petitioner filed a motion for leave to supplement his sixth amended petition by adding "Claim No. LXXXVIII" which would be petitioner's 88th claim. (Mot. at 1.) Petitioner describes this claim as "prejudicial and unnecessary physical restraints while in trial and before the jury." (Id.) Petitioner contends that he discovered this new claim on March 4, 2008, while conducting research in the prison law library; however, the claim was not included in his sixth amended petition because petitioner had not yet exhausted state court remedies. Petitioner asserts that he acted with "due diligence" in exhausting the claim and that he should be allowed to supplement the sixth amended petition because respondents have not filed their answer.

/////

1  The court construes petitioner's motion as a motion requesting leave to amend his sixth amended petition. Under Rule 15(a)(2), when a party is no longer able to amend as a matter of course, the party must obtain either the court's leave or the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Although the rule favors leave to amend, the court may exercise its discretion and consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). In addition, the court does not abuse its discretion in denying a motion to amend "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." Id.

Here, petitioner is proceeding on his sixth amended petition. His original petition was filed in 2002. Based on his filing of numerous amended petitions, the court finds that petitioner has not acted in good faith and that further delays would be prejudicial to respondent. Furthermore, petitioner has not presented new facts in support of his proposed 88th claim. See Ghent v. Woodford, 279 F.3d 1121, (9th Cir. 2002) ("To obtain habeas relief, a court must first find that the defendant was physically restrained in the presence of the jury, that the shackling was seen by the jury, and that the physical restraint was not justified by state interests. . . .[and that defendant] suffered prejudice as a result.").

Accordingly, IT IS HEREBY ORDERED that petitioner's July 21, 2008 motion to supplement his habeas petition (Doc. No. 99), construed as a motion for leave to amend his sixth amended petition, is denied.

DATED: August 27, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
moor007.supp99