1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS EUGENE MOORE,

11            Petitioner,              No. CIV S-02-0007 JAM DAD P

12        vs.

13   ROBERT HOREL, Warden,[1]          ORDER AND

14            Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding before the court pro se on his sixth

17   amended petition (Doc. No. 83) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

18   Respondent has filed a motion to dismiss several claims contained in petitioner's sixth amended

19   petition as time-barred in that they have been presented to this court for the first time after the

20   applicable one-year statute of limitations expired.  Petitioner opposes the motion to dismiss and,

21   in subsequent filings, seeks further leave to amend to include eleven new claims in addition to

22   the eighty-seven claims set forth in his sixth amended petition.  (See Doc. Nos. 116, 117 and

23   122.)  Upon due consideration of the parties' pleadings and consideration of the record,  the court

24   _____

25        [1] Petitioner is currently incarcerated at Pelican Bay State Prison.  Respondent has
     requested that Robert Horel, the current warden at Pelican Bay State Prison be substituted as the
26   respondent in this action.  That request will be granted.

                                          1

will recommend that respondent's motion to dismiss be granted in its entirety, that plaintiff be denied further leave to amend and that respondent be directed to file an answer to the remaining claims alleged in the sixth amended petition pending before this court.

## PROCEDURAL HISTORY[2]

Petitioner challenges a judgment of conviction entered against him in the Sacramento County Superior Court on February 1, 2000, for robbery upon which he was sentenced under California's Three Strikes Law to twenty-five years to life in state prison with an additional fifteen years in enhancements.  On December 27, 2002 the California Court of Appeal for the Third Appellate District affirmed the judgment on appeal.  On March 5, 2003, the California Supreme Court denied review.

Even before completion of proceedings on his direct appeal, petitioner began his pursuit of collateral relief by filing a steady stream of state habeas petitions which, to date, have totaled seventeen and all of which have been denied.  The first eight of those habeas petitions were denied prior to the California Supreme Court's denial of review on petitioner's direct appeal.  On March 27, 2003, petitioner signed his ninth state habeas petition for filing with the California Supreme Court.  That petition was filed on April 2, 2003 and denied on July 16, 2003.[3]

As was the case with his pursuit of state habeas relief, petitioner began filing habeas petitions in this court even before his direct appeal was completed.  (See Doc. Nos. 1, 3, 10 and 17.)  All of those petitions were ultimately dismissed after the court struggled to determine both the nature of the conviction petitioner was attempting to attack and the status of state court proceedings with respect to that conviction.  Finally, on November 20, 2003,

---

[2] This procedural history is established by state court records lodged with this court by respondent as well as this court's own records and is undisputed.

[3] As will be explained below, this is the only state petition filed by petitioner that could arguably entitle him to any statutory tolling of the one-year statute of limitations for seeking federal habeas relief.

1   petitioner filed his fourth amended petition with this court which was the first federal petition

2   filed after the completion of his direct appeal in the state courts.[4]  Petitioner also sought a stay so

3   that he could exhaust additional claims in state court that were not alleged in the fourth amended

4   petition.  On February 12, 2004, the undersigned recommended that a stay and abeyance be

5   granted (Doc. No. 30) and on March 30, 2004, this action was stayed and the case was

6   administratively closed while petitioner exhausted his state court remedies.  (Doc. No. 31.)

7           While the stay was in place petitioner filed numerous state habeas petitions (see

8   Resp't's Mot. to Dismiss at 3-4) but made little progress on exhausting any additional claims in

9   state court, apparently due in large part to his own piecemeal method of proceeding.  (See Doc.

10  Nos. 48, 57 and 61.)  Accordingly, on March 12, 2007, the undersigned recommended that the

11  stay in this action be lifted.  (Doc. No. 61.)  However, the then-assigned district judge did not

12  adopt that recommendation and order the stay lifted and the case re-opened until over a year later,

13  on March 17, 2008.  (Doc. No. 76.)  On December 6, 2007, between the time the undersigned

14  recommended the lifting of the stay and the order re-opening the case was filed, petitioner filed

15  his fifth amended federal petition with this court.  (Doc. No. 70.)  Accordingly, on May 9, 2008,

16  the court issued an order deeming petitioner's fifth amended petition to be the operative pleading

17  in this action and directing respondent to respond thereto.  (Doc. No. 80.)

18          Nonetheless on May 19, 2008, petitioner filed yet another amended petition,

19  which he referred to as his post-exhaustion amended petition, and on May 22, 2008, requested

20

21          [4] Of course, an amended pleading supersedes any prior pleadings.  See King v. Atiyeh,
    814 F.2d 565, 567 (9th Cir. 1987) ("All causes of action alleged in an original complaint which
22  are not alleged in an amended complaint are waived"); London v. Coopers & Lybrand, 644 F.2d
    811, 814 (9th Cir. 1981) ("It has long been the rule in this circuit that a plaintiff waives all causes
23  of action alleged in the original complaint which are not alleged in the amended complaint");
    Wulfsohn v. Russo-Asiatic Bank, 11 F.2d 715, 717 (9th Cir. 1926) ("An amended complaint,
24  which is complete in itself, and which does not refer to or adopt the original complaint as a part
    of it, entirely supersedes its predecessor, and becomes the sole statement of the cause of action.")
25  For reasons explained below, this fourth amended petition takes on significance because it was
    the only federal petition filed within the one-year AEDPA statute of limitations and thus all later-
26  filed federal claims must  relate back to the claims set forth in this petition in order to be timely
    and subject to this court's review.

1    that the court deem that petition the operative petition. (See Doc. Nos. 83 and 89.)  On July 3,

2    2008, the undersigned granted that request, deemed petitioner's sixth amended petition filed May

3    19, 2008, to be the operative pleading in this action and directed respondent to file a response

4    thereto.  (Doc. No. 96.)  On October 30, 2008, respondent moved to dismiss all or part of thirty-

5    four of the eighty-seven claims set forth in the sixth amended petition on the grounds that they

6    are time-barred, having not been submitted to this court within the applicable one-year statute of

7    limitations and not relating back to any claims timely presented to this court.  In opposing the

8    motion to dismiss (Doc. No. 113) petitioner also proposes further amendments to his habeas

9    petition, seeking leave to add still more claims to his petition.  (See Doc. Nos. 116-17 and 122.)

10                    Below the court will address each of these pending matters.

11                              **MOTION TO DISMISS**

12   I.  Respondent's Arguments

13                    Respondent moves to dismiss claims 1-7, 18-20, 26(c) & (d) (relating to Rick

14   Dobbs and Robert Hensley only), 30, 38-39, 43-44, 47-48, 50, 59-60, 66-67, 69-71, 73-77, 83,

15   and 86-87 of the sixth amended petition on the grounds that those claims were filed beyond the

16   one-year statute of limitations applicable to this action under 28 U.S.C. § 2244(d).  In this regard,

17   respondent contends that petitioner's underlying judgment of conviction became final and the

18   AEDPA statute of limitations began to run on June 4, 2003.  Respondent argues that none of the

19   petitions filed in state court before the statute of limitations began to run can serve as the basis

20   for statutory tolling.  Respondent notes that only petitioner's ninth state habeas petition, filed

21   with the California Supreme Court on April 2, 2003 but not denied until July 16, 2003, was

22   pending at any time during the one year following June 3, 2003 when the federal limitations

23   period was running.[5]  Respondent contends that all of petitioner's remaining state petitions were

24   _____

25   [5]  Respondent notes that the period from June 4, 2003, when the statute began to run, to
     July 16, 2003, when the ninth state petition was denied by the California Supreme Court would
     entitle petitioner to a maximum of forty-two days of statutory tolling.  Respondent also argues
26   that because the ninth state petition was not properly filed it cannot serve as the basis for any

                                            4

1   filed between October 2005 and March of 2008, long after the one-year statute of limitations for

2   seeking habeas relief in this court had run, whether that be on June 3, 2004 or forty-two days

3   later on July 15, 2004.  Respondent notes that the only federal habeas petition pending before this

4   court as of July 15, 2004 was the fourth amended petition filed November 20, 2003.  Respondent

5   reasons that in order to be deemed timely, any claims set forth in the sixth amended federal

6   petition must relate back to that fourth amended federal petition.

7           Without analysis, respondent contends that a comparison of the two federal

8   petitions reveals that the challenged claims are all new claims that do not relate back to those

9   presented in the fourth amended petition and are therefore time-barred. (Resp't's Mot. to Dismiss

10  at 7-8.)  Respondent argues that the fact that this court granted petitioner's request for stay and

11  abeyance is irrelevant to the issue of whether petitioner's current claims are time-barred and that

12  there are no exceptions to the AEDPA statute of limitations that would render the challenged

13  claims timely.

14  II.  Petitioner's Opposition

15          In scattered fashion petitioner opposes the motion to dismiss arguing as follows.

16  Petitioner asserts that his ninth state petition entitled him to statutory tolling.  He also suggests

17  that because this court held his fourth federal petition in abeyance after granting a stay, that order

18  rendered timely any claims he thereafter exhausted in state court and brought before this court in

19  subsequent federal petitions.  Petitioner also argues that because his new claims are meritorious

20  and all involve assertions that he was subject to a "miscarriage of justice" in state court, these

21  new claims should not be dismissed.  Next, petitioner asserts that his new claims alleging state

22  court sentencing errors, ineffective assistance of counsel and those challenging the

23  constitutionality of California's Three Strikes Law are not subject to the statute of limitations.

24  Petitioner also suggests that the AEDPA statute of limitations is itself unconstitutional.  Finally,

25

26  statutory tolling but that even if it could, forty-two days of tolling is insufficient to render the
    challenged claims timely.

petitioner states that he does not oppose the dismissal of claims 50 and 66 of his sixth amended

petition now pending before this court.

III.  Analysis

    A.  Statute of Limitations

        On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244

by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court.  The limitation period shall run from the
> latest of –
>
>     (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
>
>     (B)  the date on which the impediment to filing an
> application created by State action in violation of the Constitution
> or laws of the United States is removed, if the applicant was
> prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has been
> newly recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the exercise
> of due diligence.
>
>     (2)  The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

The one-year AEDPA statute of limitation applies to all federal habeas corpus petitions filed

after the statute was enacted and therefore applies to the pending petition.  See Lindh v. Murphy,

521 U.S. 320, 322-23 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).[6]

/////

---

[6]  Petitioner's argument that the AEDPA does not apply to his state conviction is without merit.

1    Pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction

2   became final on June 3, 2003, ninety days after the California Supreme Court denied his petition

3   for review.  See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  The applicable one-year

4   statute of limitations for the filing of petitioner's federal habeas petition therefore began to run on

5   June 4, 2003, and would have expired June 3, 2004, absent any tolling.  As respondent has

6   persuasively argued, the only federal petition pending in this court before the statute of

7   limitations expired was petitioner's fourth amended federal habeas petition, filed November 20,

8   2003.  (Doc. No. 27.)  Petitioner's fifth amended federal petition (filed December 6, 2007) and

9   sixth amended federal petition (filed May 19, 2008) were both filed more than three years after

10   the statute of limitations had expired under any plausible calculation.

11    As respondent has also persuasively noted, only petitioner's ninth state habeas

12   petition was pending during the time the federal statute of limitations was running and before its

13   expiration.  Although it appears that petitioner's ninth state petition was not properly filed, even

14   if the AEDPA statute of limitations was tolled for the full forty-two days that petition was

15   pending in state court, any new claims set forth in petitioner's sixth amended federal habeas

16   petition would still be untimely.[7]

17    Petitioner's argument that because this court held his fourth amended federal

18   petition in abeyance after granting a stay, that all claims he thereafter brought before this court

19   are timely, is unpersuasive.  It has been recognized that staying and holding in abeyance a habeas

20 ─────────────────────

21    [7] As to the other state petitions, the first eight were filed and ruled upon before the statute of limitations for the filing of a federal petition even began to run and therefore can have no tolling effect.  See Rausse v. Ollison, No. CV 06-03628-PA (VBK), 2008 WL 4447567 at *5

22   (C.D. Cal. Oct. 1, 2008) ("Petitioner is not entitled to statutory tolling for this petition because it was filed prior to the date the one-year statute of limitations began to run.")  Petitioner's tenth

23   and subsequently filed state petitions, were all filed after the statute of limitations had expired. When a state habeas petition is filed after the one-year statute of limitations for filing a federal

24   petition has expired, the filing of the state petition cannot revive the federal statute of limitations and there is no tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003);

25   Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).  Thus, petitioner is not entitled to statutory tolling with respect to these latter state

26   petitions.

1  petition containing only exhausted claims, as was done in this case at petitioner's request, does

2  nothing to protect a petitioner's unexhausted claims from untimeliness in the interim.  See King

3  v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009) ("And Duncan [v. Walker, 533 U.S. 167, 172

4  (2001)] and Mayle [v. Felix, 545 U.S. 644 (2005)], taken together, make demonstrating

5  timeliness of claims amended into a federal habeas petitions after exhaustion often

6  problematic.").  Moreover, petitioner's argument that the AEDPA statute of limitations does not

7  apply to his new habeas claims is unsupported, frivolous and must be rejected.  Finally,

8  petitioner's argument that AEDPA's one-year statute of limitations itself is unconstitutional is

9  precluded.[8]  See Crater v. Galaza, 491, F.3d 1119, 1129 (9th Cir. 2007) ("We consider the

10 [Supreme] Court's longstanding application of the rules set forth in AEDPA to be strong

11 evidence of the Act's constitutionality."); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000)

12 (holding that the AEDPA statute of limitations was not unconstitutional under the Suspension

13 Clause).

14         Therefore, because the statute of limitations for the filing of petitioner's federal

15 petition expired no later than July 15, 2004, in order to be timely any new claims must relate

16 back to claims presented in the fourth amended petition that was before the court when the

17 AEDPA statute of limitations expired.  Below, the court will address the relation back doctrine as

18 it applies to the claims set forth in petitioner's sixth amended petition.

19         B.  Relation Back Under Federal Rule Civil Procedure 15(c)

20         Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his

21 pleadings once as a matter of course before a responsive pleading is served and may seek leave of

22 court to amend his pleading at any time during the proceeding.  Mayle v. Felix, 545 U.S. 644,

23 655 (2005).  Under Rule 15(c), a petitioner's amendments made after the statute of limitations

24
25         [8]  The undersigned notes that the pending motion to dismiss does not challenge any actual
   innocence claim on timeliness grounds.  See Whitely v. Senkowshi, 317 F.3d 223, 225 (2d Cir.
   2003) ("The constitutionality of the AEDPA's statute of limitations if applied to a claim of actual
26 innocence is an open question today.")

1  has run will relate back to the date of his original pleading if the new claims arose out of the

2  conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

3  545 U.S. at 655 (citing Fed. R. Civ. P. 15(c)(2)); Hebner v. McGrath, 543 F.3d 1133, 1137-38

4  (9th Cir. 2008).[9]

5          In Mayle v. Felix, the Supreme Court explained that "[t]he 'original pleading' to

6  which Rule 15 refers is the complaint in an ordinary civil case, and the petition in a habeas

7  proceeding." Id. at 655.  The Court observed that the complaint in an ordinary civil case need

8  only provide fair notice of the plaintiff's claim and the grounds on which the claim rests, while a

9  habeas petition is required to specify all grounds for relief available to the petitioner and state the

10  facts supporting each ground.  Id.  Because of this difference between civil complaints and

11  habeas petitions, the relation back of new habeas claims "depends on the existence of a common

12  'core of operative facts' uniting the original and newly asserted claims." Id. at 658.[10]  The

13  common core of operative facts must not be viewed at too high a level of generality, and an

14  "occurrence" will consist of each separate set of facts that supports a ground for relief.  Id. at 661.

15  See also Hebner, 543 F.3d at 1138-39 (jury instruction claim did not relate back to claim in

16  original petition that testimony was erroneously admitted at trial because the claims arose from

17  discrete occurrences and did not share a common core of operative facts); United States v.

18  Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 "relation

19  back" standard merely by raising some type of ineffective assistance in the original petition, and

20

21          [9]  The rationale for permitting relation back under Federal Rule 15(c) is that the
   defendants, because of the original complaint or petition, are on notice of the subject matter of
22  the dispute and will not be unduly surprised or prejudiced by the later complaint or petition.  See
   Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000) (stating that one of the central policies of
23  Rule 15(c) is to "ensur[e] that the non-moving party has sufficient notice of the facts and claims
   giving rise to the proposed amendment").
24

25          [10]  See Jackson v. Roe, 425 F.3d 654, 660 n.8 (9th Cir. 2005) ("Instead, held the Court, an
   amended claim in a habeas petition relates back for statute of limitations purposes only if it
26  shares a 'common core of operative facts' with the original claim.) (quoting Mayle v. Felix, 125
   S. Ct. at 2574).

1   then amending the petition to assert another ineffective assistance claim based upon an entirely

2   distinct type of attorney misfeasance."), cert. denied 547 U.S. 1217 (2006).  Applying these

3   principles in Mayle, the Supreme Court ruled in that case that the petitioner's new claim did not

4   relate back to his original claim because the new claim arose from the petitioner's own pretrial

5   interrogation and was different in time and place from his original claim, which arose from the

6   police interrogation of a witness.  545 U.S. at 660-61.

7          Finally, it is petitioner's burden to establish that the requirements for relation back

8   under Rule 15(c) have been met.  In re Alstom S.A., 406 F. Supp. 2d 402, 430 (S.D.N.Y. 2005)

9   (citing Cornwell v. Robinson, 23 F.3d 694, 705 (2d Cir. 1994)); Cabrera v. Lawlor, 252 F.R.D.

10  120, 123 (D. Conn. 2008) (plaintiff's burden to establish requirements for relation back); Estate

11  of Grier ex rel. Grier v. University of Pennsylvania Health System, No. 07-4224, 2009 WL

12  1652168, at *4 (E.D. Pa. June 11, 2009) ("Rule 15 places the burden of establishing the relation

13  back of a proposed amended complaint upon the plaintiff").

14         In moving to dismiss respondent has argued from the outset that the challenged

15  claims in petitioner's sixth amended petition did not relate back to any claims presented in the

16  fourth amended petition and were therefore time-barred.  (Resp't's Mot. to Dismiss at 7-8.)

17  Nonetheless, in his opposition to the pending motion petitioner failed to even address the issue of

18  whether his claims related back to a timely filed petition.  Nor did petitioner suggest any theory

19  as to how his newly presented claims could be viewed as sharing a common core of operative

20  facts with those set forth in his timely filed federal petition.  Rather, petitioner simply chose to

21  ignore this requirement.  In doing so, he has clearly failed to satisfy his burden of establishing

22  that the requirements for relation back under Rule 15(c) have been met with respect to the

23  challenged claims.[11]

24  /////

25

26          [11]  Petitioner does not oppose dismissal of claims 50 and 66 in the sixth amended petition.

10

1          As noted above, petitioner's fourth amended petition presented the court with

2   sixty claims, some with various sub-parts.  His sixth amended petition sets forth eighty-seven

3   claims, again, many with subparts.  Respondent moves to dismiss claims 1-7, 18-20, 26(c) & (d)

4   (relating to Rick Dobbs and Robert Hensley only), 30, 38-39, 43-44, 47-48, 50, 59-60, 66-67, 69-

5   71, 73-77, 83, and 86-87.  The court has conducted its own review and comparison of the fourth

6   amended petition with the sixth amended petition and concludes that the requirements for

7   relation back have not been met with respect to the challenged claims.[12]  For instance, Claims 1-7

8   of the sixth amended petition all involve petitioner's alleged incompetence to stand trial.  None

9   of the claims of the fourth amended petition were directed in any way to the issue of petitioner's

10  competence to stand trial.   Likewise, petitioner's new ineffective assistance of counsel claims

11  (Claims 6, 26(c)-(d), 39, 59, 73 and 76 of the sixth amended petition) involve alleged

12  malfeasance by his trial counsel that are entirely distinct from the acts alleged by petitioner in his

13  extensive ineffective assistance claims set out in the fourth amended petition.  See Ciampi, 419

14  F.3d at 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 "relation back" standard

15  merely by raising some type of ineffective assistance in the original petition, and then amending

16  the petition to assert another ineffective assistance claim based upon an entirely distinct type of

17  attorney misfeasance.")   The same is true of the remainder of the challenged new claims.

18          Petitioner has failed to satisfy his burden of establishing that the requirements for

19  relation back under Rule 15(c) have been met.  The court has conducted its own review and

20  comparison and concluded that, on their face, the claims placed at issue by the pending motion

21  do not appear to share a common core of operative facts with those set forth in petitioner's last

22

23          [12]  The court notes that the fourth amended petition filed by petitioner with this court
    commences with sequentially numbered page 1 and ends with page 241 but does not contain
24  pages numbered 100-123 or pages numbered 171-200.  The court has therefore, in some
    instances, relied upon petitioner's table of contents for the fourth amended petition in attempting
25  to discover a basis for application of the relation back doctrine.  Of course, as noted above, it is
    petitioner who bears the burden of establishing that the requirements for relation back have been
26  met and in this respect he has failed to meet that burden.

1   operative, timely filed federal habeas petition.  Therefore, the challenged new claims do not

2   relate back to those set forth in the timely filed fourth amended petition.  As a result, they are

3   time-barred.  Accordingly, respondent's motion to dismiss those claims should be granted.

**PETITIONER'S REQUESTS FOR LEAVE TO AMEND YET AGAIN**

5          As noted, petitioner has once again sought leave to amend to add even more new

6   claims to his federal petition.  (Doc. Nos. 116-17, 122).  On February 26, 2009, petitioner filed

7   proposed amendments and amendments seeking to add claims 89 through 95 to his sixth

8   amended petition.  (Doc. Nos. 116-17.)  The court will construe these filings as a motion seeking

9   leave of court to amend.  In addition, on July 13, 2009, petitioner filed a motion to amend his

10  sixth amended petition by adding claims numbered 96 through 99.  (Doc. No. 122.)   Through the

11  latter motion, petitioner apparently seeks to present additional new claims that he exhausted in

12  state court after the stay in this action was lifted.

13         Approximately a year ago this court denied petitioner leave to amend his sixth

14  amended federal petition.  In doing so the court observed:

15         Under Rule 15(a)(2), when a party is no longer able to amend as a
           matter of course, the party must obtain either the court's leave or
16         the opposing party's written consent. Fed. R. Civ. P. 15(a)(2).
           "The court should freely give leave when justice so requires." Id.
17         Although the rule favors leave to amend, the court may exercise its
           discretion and consider "bad faith, undue delay, prejudice to the
18         opposing party, futility of the amendment, and whether the party
           has previously amended his pleadings." Bonin v. Calderon, 59
19         F.3d 815, 845 (9th Cir. 1995).  In addition, the court does not
           abuse its discretion in denying a motion to amend "where the
20         movant presents no new facts but only new theories and provides
           no satisfactory explanation for his failure to fully develop his
21         contentions originally." Id.

22         Here, petitioner is proceeding on his sixth amended
           petition.  His original petition was filed in 2002.  Based on his
23         filing of numerous amended petitions, the court finds that
           petitioner has not acted in good faith and that further delays would
24         be prejudicial to respondent.  Furthermore, petitioner has not
           presented new facts in support of his proposed [] claim.

25

26  (Order filed Aug. 28, 2008 (Doc. No. 102) at 2.)

Those observations remain true today.  Moreover, petitioner has not shown how any of the proposed new claims relate back to the claims in his fourth amended petition.  The court again finds, based on his history of filing numerous amended petitions, that petitioner has not acted diligently or in good faith and that further delays would be prejudicial to respondent. Accordingly, further leave to amend should be denied.

Lastly, on August 3, 2009, petitioner sent a letter to the court requesting that he be provided with another copy of a court document that was sent to him on or about June 25, 2009. Petitioner is advised that the docket reflects that no court document was sent to petitioner on or about June 25, 2009.  Accordingly his request in this regard will be denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that

1. The Clerk of the Court is directed to modify the court's docket to reflect that Robert Horel, Warden of Pelican Bay State Prison, is substituted as the respondent for this action;

2. Petitioner's August 3, 2009, request for a copy of a court document is denied; and

IT IS HEREBY RECOMMENDED that

1. Respondent's October 30, 2008 motion to dismiss specific claims (Doc. No. 104), be granted;

2. Petitioner's proposed amendments to the sixth amended petition (Doc. Nos. 116 and 117), filed on February 26, 2009, and construed as a motion for leave to amend the sixth amended petition be denied;

3. Petitioner's July 13, 2009, motion for leave to amend his sixth amended petition (Doc. No. 122) be denied;

4. In the event these findings and recommendations are adopted by the assigned District Judge, within sixty days after the order adopting is filed, respondent shall file his answer

13

1   to the remaining claims of the sixth amended petition and petitioner's traverse, if any, shall be

2   filed and served within thirty days after service of the answer.

3              These findings and recommendations are submitted to the United States District

4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

5   days after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8   shall be served and filed within ten days after service of the objections.  The parties are advised

9   that failure to file objections within the specified time may waive the right to appeal the District

10  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED: August 17, 2009.

12

13                              _Dale A. Drozd_

14                              DALE A. DROZD
                                UNITED STATES MAGISTRATE JUDGE

15  DAD:4
    moor0007.mtd2

16

17

18

19

20

21

22

23

24

25

26