1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9    THOMAS EUGENE MOORE,

10            Petitioner,                    No. CIV S-02-0007 JAM DAD P

11        vs.

12   ROBERT HOREL, et al.,

13            Respondents.                   ORDER

14   _____/

15            Petitioner, a state prisoner proceeding pro se, is seeking a writ of habeas corpus

16   pursuant to 28 U.S.C. § 2254.  On June 24, 2010, the undersigned issued findings and

17   recommendations recommending that petitioner's application for a writ of habeas corpus be

18   denied.[1]  Pending before the court is petitioner's motions for (1) an order for leave to conduct

19   discovery; (2) an evidentiary hearing; and (3) the appointment of counsel.

20                            **PETITIONER'S REQUESTS**

21   I.  Discovery

22            First, petitioner requests leave to conduct discovery.  Parties in a habeas

23   proceeding are not entitled to discovery as a matter of course.  Bracy v. Gramley, 520 U.S. 899,

24   _____

25        [1]  On September 23, 2010, after receiving an extension of time to do so, petitioner filed
     objections to those findings and recommendations.  The findings and recommendations remain
26   pending before the assigned district judge at this time.

                                        1

904 (1997); <u>Bittaker v. Woodford</u>, 331 F.3d 715, 728 (9th Cir.), <u>cert</u>. <u>denied</u>, 540 U.S. 1013

(2003).  Rather, "[a] party shall be entitled to invoke the processes of discovery available under

the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his [or

her] discretion and for good cause shown grants leave to do so, but not otherwise."  Rule 6(a),

Rules Governing § 2254 Cases.  <u>See</u> <u>also</u> <u>Bracy</u>, 520 U.S. at 904.  Good cause is shown "where

specific allegations before the court show reason to believe that the petitioner may, if the facts

are fully developed, be able to demonstrate that he is . . . entitled to relief."  <u>Bracy</u>, 520 U.S. at

908-09 (quoting <u>Harris v. Nelson</u>, 394 U.S. 286, 300 (1969)).  <u>See</u> <u>also</u> <u>Pham v. Terhune</u>, 400

F.3d 740, 743 (9th Cir. 2004).  In order to obtain discovery a petitioner need not demonstrate that

he will prevail on the claim underlying the discovery request.  <u>See</u> <u>Bracy</u>, 520 U.S. at 909; <u>Pham</u>,

400 F.3d at 743.  A request for discovery "must also include any proposed interrogatories and

requests for admission, and must specify any requested documents."  Rule 6(b), Rules Governing

§ 2254 Cases.  Finally, federal courts have "the power to 'fashion appropriate modes of

procedure,' including discovery, to dispose of habeas petitions 'as law and justice require[.]' "

<u>Bracy</u>, 520 U.S. at 904 (citations omitted) (quoting <u>Harris</u>, 394 U.S. at 299-300).  <u>See</u> <u>also</u>

<u>Bittaker</u>, 331 F.3d at 728.

        Having reviewed petitioner's claims, the undersigned does not find good cause to

grant him leave to conduct further discovery in connection with this action since petitioner

cannot prevail on his claims for the reasons set forth in the June 24, 2010, findings and

recommendations.

II.  <u>Evidentiary Hearing</u>

        Second, petitioner request an evidentiary hearing.  Pursuant to 28 U.S.C. §

2254(e)(2), an evidentiary hearing is appropriate under the following circumstances:

> (e) (2) If the applicant has failed to develop the factual basis of a
> claim in State court proceedings, the court shall not hold an
> evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on-

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense[.]

Under this statutory scheme, a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate."  Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999).  See also Earp v. Ornoski, 431 F.3d 1158, 1166 (9th Cir. 2005); Insyxiengmay v. Morgan, 403 F.3d 657, 669-70 (9th Cir. 2005).  A petitioner requesting an evidentiary hearing must also demonstrate that he has presented a "colorable claim for relief."  Earp, 431 F.3d at 1167 (citing Insyxiengmay, 403 F.3d at 670, Stankewitz v. Woodford, 365 F.3d 706, 708 (9th Cir. 2004) and Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001)).  To show that a claim is "colorable," a petitioner is "required to allege specific facts which, if true, would entitle him to relief ."  Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted).

The undersigned concludes that no additional factual supplementation is necessary in this case and that an evidentiary hearing is not appropriate with respect to the claims raised by petitioner.  The facts alleged by petitioner in support of his claims, even if established at a hearing, would not entitle petitioner to federal habeas relief for the reasons set forth in the court's June 24, 2010 findings and recommendations.  Therefore, petitioner's request for an evidentiary hearing will be denied.

III.  Appointment of Counsel

Third, petitioner requests the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d

1   453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at

2   any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing

3   § 2254 Cases.  In the present case, the undersigned does not find that the interests of justice

4   would be served by the appointment of counsel.

5                                        CONCLUSION

6            Accordingly, IT IS HEREBY ORDERED that:

7            1.  Petitioner's September 23, 2010, motion for leave to conduct discovery (Doc.

8   No. 163) is denied;

9            2.  Petitioner's September 23, 2010, motion for an evidentiary hearing (Doc. No.

10  164) is denied; and

11           3.  Petitioner's November 12, 2010, request for appointment of counsel (Doc. No.

12  169) is denied.

13  DATED: January 13, 2011.

14

15

16  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

17  DAD:6
    moor0007.110(2)

18

19

20

21

22

23

24

25

26

                                              4