IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS EUGENE MOORE,

    Petitioner,                      No. CIV S-02-0007 JAM DAD P

    vs.

ROBERT HOREL, et al.,                ORDER

    Respondents.

                           /

          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before this courts is a newly docketed habeas petition, construed as petitioner's motion to amend his petition to include additional claims. The case has a long and unnecessarily complicated procedural history which will be summarized below.

          On February 1, 2000, a Sacramento County Superior Court jury found petitioner guilty of one count of robbery in violation of California Penal Code § 211. (Notice of Lodging Documents on January 14, 2010 (Doc. No. 139), Clerk's Transcript on Appeal at 217.) Following his conviction, petitioner was sentenced on January 22, 2001, to an indeterminate state prison term of twenty-five-years to life, plus a determinate term of fifteen years, for an aggregate term of forty-years to life in prison. (Id. at 610; Reporter's Transcript on Appeal at 635.)

Petitioner appealed his judgment of conviction to the California Court of Appeal for the Third Appellate District. On December 27, 2002, the judgment of conviction was affirmed in a reasoned opinion. (Resp't's Lod. Doc. 1.) Petitioner then filed a petition for review with the California Supreme Court. (Resp't's Lod. Doc. 2.) On March 3, 2003, the California Supreme Court summarily denied that petition. (Resp't's Lod. Doc. 3.)

Even before completion of proceedings on his direct appeal, petitioner began his pursuit of collateral relief by filing a steady stream of state habeas petitions, totaling seventeen, all of which were denied by the state courts. The first eight of those habeas petitions were denied prior to the California Supreme Court's denial of review on petitioner's direct appeal. On March 27, 2003, petitioner signed his ninth state habeas petition for filing with the California Supreme Court. That petition was filed on April 2, 2003 and denied on July 16, 2003.

As was the case with his pursuit of state habeas relief, petitioner began filing habeas petitions in this court even before his direct appeal in state court was completed. (See Doc. Nos. 1, 3, 10 and 17.) All of those petitions were ultimately dismissed after this court struggled to determine both the nature of the conviction petitioner was attempting to collaterally attack as well as the status of state court proceedings with respect to that conviction. Finally, on November 20, 2003, petitioner filed his fourth amended petition with this court which was the first federal petition filed after the completion of petitioner's direct appeal in the state courts. Petitioner also sought a stay so that he could exhaust additional claims in state court that were not alleged in the fourth amended petition filed with this court. On February 12, 2004, the undersigned recommended that a stay and abeyance be granted (Doc. No. 30) and on March 30, 2004, this action was stayed and the case was administratively closed while petitioner exhausted his state court remedies. (Doc. No. 31.) While the stay was in place, petitioner filed numerous state habeas petitions (see Resp't's Mot. to Dismiss (Doc. No. 104) at 3-4) but made little progress with respect to exhausting any additional claims in state court, apparently due in large part to his own piecemeal method of proceeding. (See Doc. Nos. 48, 57 and 61.) Accordingly,

on March 12, 2007, the undersigned recommended that the stay in this action be lifted and the case be re-opened. (Doc. No. 61.) However, the then-assigned district judge did not adopt that recommendation until over a year later, on March 17, 2008. (Doc. No. 76.) On December 6, 2007, between the time the undersigned recommended the lifting of the stay and the order re-opening the case was filed, petitioner filed his fifth amended federal petition with this court. (Doc. No. 70.) Accordingly, on May 9, 2008, the court issued an order deeming petitioner's fifth amended petition to be the operative pleading in this habeas action and directing respondent to respond thereto. (Doc. No. 80.)

On May 19, 2008, petitioner filed yet another amended petition in this case, which he referred to as his post-exhaustion amended petition, and on May 22, 2008, requested that the court deem that petition the operative petition. (See Doc. Nos. 83 and 89.)[1] On July 3, 2008, the undersigned granted that request, deemed petitioner's sixth amended petition filed May 19, 2008, to be the operative pleading in this action and directed respondent to file a response thereto. (Doc. No. 96.)

On October 30, 2008, respondent moved to dismiss all or part of thirty-four of the eighty-seven claims set forth in petitioner's sixth amended petition on the grounds that they were time-barred, having not been submitted to this court within the applicable one-year statute of limitations and not relating back to any claims timely presented to this court. In opposing the motion to dismiss (Doc. No. 113) petitioner also proposed further amendments to his habeas petition, seeking leave to add still more claims, (see Doc. Nos. 116-17 and 122), including the claim that he was "erroneously sentenced to an indeterminate sentence . . . when the indeterminate sentence law was repealed . . ." (Doc. No. 117 at 34.)

/////

---

[1] Therein, petitioner challenged his conviction in the Sacramento County Superior Court on one count of robbery in violation of California Penal Code § 211 and the sentence imposed on numerous grounds.

3

On August 17, 2009, the undersigned recommended that respondent's motion to dismiss thirty-four specific claims set forth in the sixth amended petition be granted, that petitioner's proposed amendments be construed as a motion for leave to amend, and that leave to amend be denied. (See Doc. No. 127 at 11, 13.) Those recommendations were adopted in full on October 16, 2009 by the assigned district judge. (Doc. No. 133.)[2] On January 14, 2010, respondent filed an answer in this action. (Doc. No. 138.) On June 24, 2010, the undersigned issued findings and recommendations recommending that petitioner's application for a writ of habeas corpus be denied on the merits. (Doc. No. 153.) Those findings and recommendations are currently pending before the assigned district judge in this action.

However, on January 18, 2011, the assigned magistrate judge in Case No. 09-cv-2838 KJM CMK issued findings and recommendations recommending that in light of the decision in Woods v. Carey, 525 F.3d 886 (9th Cir. 2008), the Clerk of the Court be directed to take the October 13, 2009 petition from Case No. 09-cv-2838 KJM CMK, along with all other motions petitioner had submitted in Case No. 09-cv-2838 KJM CMK and file them in this action. In Woods the Ninth Circuit had held that when a pro se habeas petitioner files multiple petitions, a subsequent petition filed when an earlier petition is still pending should be liberally construed and treated as a motion to amend the earlier petition and not as a second or successive petition. 525 F.3d at 887. The assigned district judge in Case No. 09-cv-2838 KJM CMK adopted those findings and recommendations on February 16, 2011 and directed the Clerk of Court to take the recommended action.

---

[2] Three days before those findings and recommendations were adopted, however, and more than seven years after petitioner filed his original petition for federal habeas relief with this court, petitioner on October 13, 2009, filed a new federal habeas action, Moore v. Knowles, 09-cv-2838 KJM CMK. The petition filed in that new habeas action also challenged petitioner's February 1, 2000 robbery conviction and also sought to present a claim on behalf of "all California prisoners, including [petitioner]," sentenced to life with the possibility of parole, alleging that they were "erroneously sentenced to invalid indeterminate sentence[s] . . . when the indeterminate sentence law was repealed . . ." (Case No. 09-cv-2838 KJM CMK, Petition (Doc. No 1) at 7,11.)

1    Pursuant to the Ninth Circuit's decision in Woods, this court will now address
2 petitioner's newly docketed October 13, 2009 petition, construed as a motion to amend his sixth
3 amended petition to add additional claims. Under Federal Rule of Civil Procedure 15(a), a
4 habeas petitioner may amend his pleadings once as a matter of course before a responsive
5 pleading is served and may seek leave of court to amend his pleading at any time during the
6 proceeding. Mayle v. Felix, 545 U.S. 644, 654 (2005). Although leave of court should be given
7 freely, a court may deny a motion to amend if the motion is made in bad faith, there would be
8 prejudice to the opposing party, the amendment would be futile or would delay the action, or if
9 the party acted in a dilatory fashion in seeking to amend. Foman v. Davis, 371 U.S. 178, 182
10 (1962); Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (applying these factors in a habeas
11 case); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (same). Prejudice to the opposing
12 party is the most important factor. Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir.
13 1990).

    Bad faith may be shown when a party seeks to amend late in the litigation process
15 with claims which were or should have been apparent early. Bonin, 59 F.3d at 846. These facts
16 might also support a finding that the party acted in a dilatory fashion when seeking to amend.
17 Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999). A motion to amend a
18 pleading is addressed to the sound discretion of the court and must be decided upon the facts and
19 circumstances of each particular case. Sackett v. Beaman, 399 F.2d 884, 889 (9th Cir. 1968).

    Over two years ago this court denied petitioner leave to amend his sixth amended
21 federal habeas petition, stating:

> Under Rule 15(a)(2), when a party is no longer able to amend as a matter of course, the party must obtain either the court's leave or the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Although the rule favors leave to amend, the court may exercise its discretion and consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). In addition, the court does not

> abuse its discretion in denying a motion to amend "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." Id.
>
> Here, petitioner is proceeding on his sixth amended petition. His original petition was filed in 2002. Based on his filing of numerous amended petitions, the court finds that petitioner has not acted in good faith and that further delays would be prejudicial to respondent. Furthermore, petitioner has not presented new facts in support of his proposed [] claim.

(Order filed Aug. 28, 2008 (Doc. No. 102) at 2.) Almost a year later this court again denied petitioner leave to amend his sixth amended petition citing this same language in support of that decision. (Order filed August 17, 2009 (Doc. No. 127) at 12.)

As with petitioner's previous belated attempts to amend his sixth amended habeas petition, the court again finds that based on his lengthy history of filing numerous amended habeas petitions, petitioner has not acted diligently or in good faith in seeking federal habeas relief. These proceedings were instituted by petitioner on January 3, 2002. Moreover, respondent's answer to the sixth amended petition was filed over a year ago and there are now findings and recommendations pending before the assigned district judge recommending that petitioner's application for federal habeas relief be denied. Under such circumstances, ordering respondent to file a second answer for the consideration of additional claims which appear to lack merit on their face would be quite prejudicial to respondent and would delay the resolution of this already dated matter.

**PENDING MOTIONS**

Also pending now before the court in this action as a result of the February 16, 2011 order of the assigned district judge in Case No. 09-cv-2838 KJM CMK, are petitioner's motions for discovery, an evidentiary hearing and the appointment of counsel filed on September 2, 2010. (Doc. No. 174-76.)

On September 23, 2010, petitioner filed motions for discovery, an evidentiary hearing, and the appointment of counsel in this action as well. The undersigned denied those

6

motions on January 14, 2011. (Doc. No. 172.) Therefore, petitioner's September 2, 2010, motions for discovery, an evidentiary hearing and the appointment of counsel are denied for the reasons stated in the court's January 14, 2011 order.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's October 13, 2009 petition for writ of habeas corpus (Doc. No. 173), construed as a motion for leave to amend his sixth amended petition, is denied;

2. Petitioner's September 2, 2010, motion for the appointment of counsel (Doc. No. 174) is denied;

3. Petitioner's September 2, 2010, motion for discovery (Doc. No. 175), is denied; and

4. Petitioner's September 2, 2010, motion for an evidentiary hearing (Doc. No. 176) is denied.

DATED: February 16, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
moore7.MTA